Fred Jay **JACKSON**, Plaintiff–Appellant,

v.

Robert **BOWMAN**, et al., Defendants–Appellees.

No. 09–17366.

United States Court of Appeals, Ninth Circuit.

980

Submitted Jan. 10, 2011.*

Filed Jan. 24, 2011.

Fred Jay Jackson, Crescent City, CA, pro se.

Kay K. Yu, Esquire, Deputy Attorney General, AGCA–Office of the California Attorney General, San Francisco, CA, for Defendants–Appellees.

Before: BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Fred Jay Jackson, a California state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.2004), and we affirm.

The district court properly granted summary judgment because Jackson failed to raise a genuine issue of material fact as to whether defendants were deliberately indifferent in treating his broken finger. *See id.* at 1057. A difference in opinion about the preferred course of medical treatment does not constitute an Eighth Amendment violation. *Id.* at 1059–60. Moreover, a "showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." *Id.* at 1060.

The district court did not abuse its discretion by denying further discovery because Jackson did not show how allowing him additional discovery would have precluded summary judgment. *See Margolis v. Ryan*, 140 F.3d 850, 853–54 (9th Cir. 1998).

Jackson's remaining contentions are unpersuasive.

Jackson's request for judicial notice is denied.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.